UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Danny ESTRADA,

                                                     Plaintiff,

                -against-

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.

13-CV-04278 (CM)(SN)

**REPORT AND RECOMMENDATION**

----------------------------------------------------------------X
**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE COLLEEN MCMAHON:**

      The plaintiff Danny Estrada brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final determination of the Commissioner of Social Security denying his application for disability benefits. The Commissioner has filed an unopposed motion for an order reversing the Commissioner's final determination and remanding the case for further administrative proceedings. For the reasons set forth below, I recommend that the Commissioner's motion be GRANTED, and the case be remanded to the Commissioner for further development.

## BACKGROUND

      The following facts are taken from the administrative record.

      The plaintiff Danny Estrada, now 23 years old, began receiving Supplemental Security Income ("SSI") benefits when he was three years old due to his attention deficient disorder and asthma. On June 3, 2008, the Social Security Administration (the "SSA") sent Estrada, in care of his mother, Merry Garcia, a letter stating that the SSA would begin the process of redetermining Estrada's eligibility for SSI, as the SSA is required to do once a minor benefits recipient turns

18. See 20 C.F.R. § 416.987. On January 28, 2009, the SSA sent a written determination to Estrada informing him that his "occasional asthma attacks and . . . behavioral problem" do not constitute a disability eligible for SSI benefits under the adult standard and that his benefits would stop. (R. 66.) Estrada and his mother appeared for a reconsideration hearing and, on May 21, 2010, received a disposition affirming the finding that he is not disabled. Estrada then appeared *pro se* before Administrative Law Judge Moises Penalver (the "ALJ") on March 8, 2012, and was denied disability benefits in a June 15, 2012 written decision. The Appeals Council denied Estrada's application for review of the ALJ's decision on April 30, 2013, thereby rendering the decision of the Commissioner final.

On June 19, 2013, Estrada, proceeding *pro se*, filed this action pursuant to § 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), before the Honorable Colleen McMahon. On July 18, 2013, Judge McMahon referred this case to my docket for a report and recommendation. The Commissioner answered the complaint and filed the administrative record on December 20, 2013. On March 7, 2014, the Commissioner filed this motion to remand. Estrada did not appear for a telephone conference the Court scheduled to discuss the motion, nor did he respond to the Court's order allowing him to, by April 7, 2014, submit a response to the Commissioner's motion or request *pro bono* counsel. The Court thus considers this matter fully submitted.

## DISCUSSION

I.   **Legal Standards**

   A.   **Standard of Review**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion should be granted "if,

from the pleadings, the moving party is entitled to judgment as a matter of law." Dargahi v. Honda Lease Trust, 370 F. App'x 172, 174 (2d Cir. 2010) (citation omitted).

In reviewing a decision of the Commissioner, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A determination of the ALJ may be set aside only if it is based upon legal error or is not supported by substantial evidence. Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

"Before determining whether the Commissioner's conclusions are supported by substantial evidence, however, 'we must first be satisfied that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 110 (2d Cir. 2009) (quoting Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990)). The Act "must be liberally applied, for it is a remedial statute intended to include not exclude." Cruz, 912 F.2d at 11. This is particularly true in the case of *pro se* claimants, who "are entitled to a liberal construction of their pleadings," and, therefore, their complaints "should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted); see Alvarez v. Barnhart, 03 Civ. 8471 (RWS), 2005 WL 78591, at *1 (S.D.N.Y. Jan. 12, 2005) (articulating liberal *pro se* standard in reviewing denial of disability benefits).

### B. Definition of Disability

A claimant is disabled under the Act if the claimant demonstrates an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A

determinable physical or mental impairment is defined as one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A claimant will be determined to be disabled only if the impairments are "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

When a minor benefits-recipient reaches the age of 18, the Commissioner must "redetermine . . . eligibility . . . by applying the criteria used in determining initial eligibility for individuals who are age 18 or older." 42 U.S.C. § 1382c(a)(3)(H)(iii); *see also* 20 C.F.R. § 404.1520, pt. 404, subpt. P, app. 1, pt. A. In connection with the redetermination, the claimant has "the right to submit medical and other evidence for [the Commissioner's] consideration." 20 C.F.R. § 416.987(d)(v).

### C.       The ALJ's Duty to Develop the Record

When the ALJ assesses a claimant's alleged disability, the ALJ must develop the claimant's medical history for at least a 12-month period. 42 U.S.C. § 423(d)(5)(b), 20 C.F.R. § 404.1512(d). Further, the Act authorizes the Commissioner to "issue subpoenas requiring the attendance and testimony of witnesses and the production of any evidence that relates to any matter under investigation." 42 U.S.C. § 405(d).

The Court of Appeals considers this statutory authorization to impose an affirmative duty on the ALJ to develop the record. See Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (finding that the duty of an ALJ to develop the record personally "arises from the Commissioner's regulatory obligations to develop a complete medical record before making a

disability determination"). Indeed, before a district court can evaluate the ALJ's conclusions, the court must ensure that the claimant received a full and fair hearing. See Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982) (holding that an ALJ must ensure that the claimant had a "full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act"); Cullinane v. Sec'y of Dep't of Health & Human Servs., 728 F.2d 137, 137 (2d Cir. 1984). "The ALJ's duty to develop the administrative record encompasses not only the duty to obtain a claimant's medical records and reports but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity." Brown v. Comm'r of Soc. Sec., 709 F. Supp. 2d 248, 256 (S.D.N.Y. 2010).

"Even when a claimant is represented by counsel, it is the well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" Moran, 569 F.3d at 112 (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009)). When a claimant is *pro se*, however, "the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990) (quoting Echevarria, 685 F.2d at 755) (internal quotation marks omitted). This entails a heightened obligation to ensure both the completeness and the fairness of the administrative hearing. See Cullinane, 728 F.2d at 137 (describing an ALJ's "affirmative duty to ensure that *pro se* disability insurance benefit claimants receive full and fair hearings"). When the ALJ has failed to develop the record adequately, the district court must remand to the Commissioner for further development. See, e.g., Pratts, 94 F.3d at 39.

The ALJ's duty to develop the record is enhanced when the disability in question is a psychiatric impairment. See Camilo v. Comm'r of the Soc. Sec. Admin., 11 Civ. 1345 (DAB)(MHD), 2013 WL 5692435, at *22 (S.D.N.Y. Oct. 2, 2013) ("[I]t is the ALJ's duty to develop the record and resolve any known ambiguities, and that duty is enhanced when the disability in question is a psychiatric impairment."). The Regulations articulate that claims concerning mental disorders require a robust examination that is sensitive to the dynamism of mental illnesses and the coping mechanisms that claimants develop to manage them:

> Particular problems are often involved in evaluating mental impairments in individuals who have long histories of repeated hospitalizations or prolonged outpatient care with supportive therapy and medication. For instance, if you have chronic organic, psychotic, and affective disorders, you may commonly have your life structured in such a way as to minimize your stress and reduce your symptoms and signs. In such a case, you may be much more impaired for work than your symptoms and signs would indicate. The results of a single examination may not adequately describe your sustained ability to function.  It is, therefore, vital that we review all pertinent information relative to your condition, especially at times of increased stress.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E). Similarly, Social Security Ruling 85-15 directs the Commissioner to consider that "determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace is often extremely difficult." Ruling 85-15 explains that this difficulty arises because persons with mental illnesses "adopt a highly restricted and/or inflexible lifestyle within which they appear to function well." When claimants are in structured settings, they are able to function adequately "by lowering psychological pressures, by medication, and by support from services." SSR 85-15 (Jan. 1, 1985).

**II.     Analysis**

The Commissioner moves for this case to be remanded because, although the ALJ told Estrada during the hearing that he would obtain Estrada's "updated mental health treatment records, . . . these records were not obtained and there is no indication how this development issue

6

was resolved." (Mot. at 3.) In the absence of a complete record and a full and fair hearing, the Court cannot determine whether the ALJ's conclusions are supported by substantial evidence and thus must remand for further development. Moran, 569 F.3d at 110; Pratts, 94 F.3d at 39. The ALJ should further develop the administrative record by procuring and considering Estrada's updated mental health treatment records and by taking any additional action necessary to comply with the standards set forth in this report. The Court therefore recommends that the Commissioner's motion to remand be granted.

## CONCLUSION

For the foregoing reasons, the Court recommends that the Commissioner's unopposed motion to REMAND for further development of the administrative record be GRANTED.

\* \* \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge McMahon. The failure to file these timely objections will

result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            May 12, 2014

cc:         Danny Estrada (*By Chambers*)
            576 Timpson Place, Apt 4C
            Bronx, NY 10455